IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>S&S MANAGEMENT GROUP, D/B/A<br>SECURITY SOLUTIONS OF<br>AMERICA,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Jessica Washington ("Plaintiff" or "Ms. Washington"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendant S&S Management Group, d/b/a Security Solutions of America ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pregnant Workers Fairness Act of 2022 ("PWFA"), and the Family and Medical Leave Act of 1993 ("FMLA").

1

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Pregnant Workers Fairness Act of 2022, 42 U.S.C. § 2000gg et seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district. Plaintiff's job responsibilities required her presence in this district, as she recruited and placed individuals for security positions throughout the State of Alabama.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII and the PWFA. No conditions precedent are required to bring Plaintiff's claim under the Family and Medical Leave Act. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") on December 2, 2025, Charge Number 420-2025-04861, alleging pregnancy discrimination in violation of Title VII and the PWFA. On March 17, 2026, the EEOC issued a Letter of Determination finding reasonable cause to believe violations occurred. Plaintiff is proceeding pursuant to the EEOC's finding of reasonable cause.

## **PARTIES**

5.

Plaintiff Jessica Washington is a resident and citizen of the State of Alabama and is subject to the jurisdiction of this Court.

6.

Defendant S&S Management Group, d/b/a Security Solutions of America, is a company with its principal place of business located at 1165 Sanctuary Parkway, Suite 270, Alpharetta, Georgia 30009. At all times material hereto, Defendant was qualified and licensed to do business in Alabama and has conducted business within this District.

7.

During all times relevant hereto, Defendant has been an employer engaged in an industry affecting commerce and has employed fifteen (15) or more employees

for each working day in each of twenty or more calendar weeks in the current and/or preceding calendar year.

8.

Defendant is therefore an "employer" as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), and the Pregnant Workers Fairness Act of 2022, 42 U.S.C. § 2000gg-1.

9.

Defendant employed 50 or more employees within a 75-mile radius of one another and is a "covered employer" for the purposes of the FMLA.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to Neville Knowles at 3100 Loma Road, Suite 316, Birmingham, Alabama 35216.

**FACTUAL ALLEGATIONS**

11.

Defendant hired Ms. Washington on November 23, 2023, as a Human Resource Specialist and Recruiter.

12.

4

As Human Resource Specialist and Recruiter, Ms. Washington's responsibilities included managing recruitment processes, sourcing candidates, coordinating hiring events, administering company HR policies and procedures, preparing documentation for employee terminations, recording disciplinary actions, overseeing adherence to employment eligibility requirements, conducting compliance audits, and managing updates to employee compensation and bonus structures.

13.

Ms. Washington performed her job duties remotely from her home in Montgomery, Alabama, while Defendant's corporate offices were located in Alpharetta, Georgia.

14.

Throughout her employment, Ms. Washington performed her duties competently and professionally.

15.

In February 2025, Ms. Washington suffered a miscarriage and informed Regional Human Resource Business Partner Tanya Cunningham of the need to take a day off to deal with the effects.

16.

Ms. Cunningham permitted Ms. Washington to take the day off.

17.

On July 22, 2025, Ms. Washington asked Ms. Cunningham for FMLA paperwork due to her pregnancy.

18.

In response to Ms. Washington's request, Ms. Cunningham asked Ms. Washington how far along she was in her pregnancy.

19.

Ms. Washington responded by asking Ms. Cunningham the reason behind her question.

20.

Just three days later, on July 25, 2025, Defendant terminated Ms. Washington's employment.

21.

The termination was delivered by Tanya Cunningham, the same Regional Human Resource Business Partner to whom Ms. Washington had requested FMLA paperwork three days earlier.

22.

6

Ms. Cunningham's termination letter to Ms. Washington, dated July 25, 2025, stated that Defendant was "implementing a reduction in the administrative headcount in Alabama" and that Ms. Washington's "role as an HR Specialist will be impacted."

23.

The termination letter further stated that Defendant had "determined that we can no longer support the Montgomery area and will be consolidating our administrative functions to the Birmingham office."

24.

Despite citing her termination as a business decision, the termination letter acknowledged that the decision was "not a reflection of your performance or value as an employee" and that Ms. Washington's efforts were "invaluable."

25.

Prior to requesting FMLA paperwork on July 22, 2025, Ms. Washington had received no warnings, discipline, or negative performance feedback.

26.

Defendant hired another employee as an HR Specialist to support the Birmingham office approximately two weeks prior to Ms. Washington's request for FMLA paperwork.

27.

The stated reason for Ms. Washington's termination is pretextual, given the close temporal proximity between her disclosure of pregnancy and request for accommodation and her termination, and given that Defendant had hired and begun training another employee in an HR Specialist role before her termination.

28.

During the EEOC's investigation, the Commission requested that Defendant provide a response to the allegations on three separate occasions. Defendant failed to provide any response or requested information to the EEOC.

29.

Based upon Defendant's failure to provide the requested information, the EEOC inferred that the information was detrimental to Defendant and drew an adverse inference that Ms. Washington was discriminated against as alleged.

30.

On March 17, 2026, the EEOC issued a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and the PWFA by failing to accommodate Ms. Washington's pregnancy and discharging her because of her pregnancy.

31.

8

As a direct result of Defendant's actions, Ms. Washington suffered immediate financial hardship and emotional distress, including lost income, inability to afford basic necessities and prenatal care, anxiety, and prolonged uncertainty.

## CLAIMS FOR RELIEF

## COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32.

Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

33.

Title VII prohibits discrimination on the basis of sex, including pregnancy, childbirth, and related medical conditions. 42 U.S.C. § 2000e et seq.

34.

Plaintiff was pregnant and Defendant was aware of her pregnancy-related needs when she requested FMLA paperwork from Tanya Cunningham on July 22, 2025.

35.

Defendant took adverse action against Plaintiff by terminating her employment on July 25, 2025, just three days after she disclosed her pregnancy and requested accommodation.

36.

Plaintiff's pregnancy was a motivating factor in Defendant's decision to terminate her employment, as evidenced by the close temporal proximity between her request for FMLA paperwork and her termination, the absence of any prior discipline or performance issues, the fact that Defendant had hired and was training a replacement HR Specialist before her termination, and Defendant's refusal to respond to the EEOC's investigation.

37.

Defendant's stated reason for Plaintiff's termination, position elimination and consolidation of administrative functions to the Birmingham office, is pretextual.

38.

Accordingly, Defendant violated Plaintiff's rights pursuant to Title VII and the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a)(1).

39.

As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered economic and non-pecuniary damages, including lost wages, lost benefits, emotional distress, and mental anguish.

## COUNT II: VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

40.

Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

41.

The Pregnant Workers Fairness Act requires employers to provide reasonable accommodations for known limitations related to pregnancy, childbirth, or related medical conditions unless the accommodation would impose an undue hardship on the employer. 42 U.S.C. § 2000gg et seq.

42.

Plaintiff had a known limitation related to her pregnancy that required accommodation, as evidenced by her request for FMLA paperwork on July 22, 2025.

43.

11

Rather than engage in any interactive process to identify a reasonable accommodation for Plaintiff's pregnancy-related needs, Defendant terminated Plaintiff's employment on July 25, 2025.

44.

Defendant's failure to accommodate Plaintiff's pregnancy and its decision to terminate her employment constitute violations of the PWFA.

45.

As a direct and proximate result of Defendant's violation of the PWFA, Plaintiff has suffered economic and non-pecuniary damages, including lost wages, lost benefits, emotional distress, and mental anguish.

46.

Defendant is therefore liable to Plaintiff for compensatory damages and other appropriate relief under the Pregnant Workers Fairness Act.

## COUNT III: INTERFERENCE WITH FMLA RIGHTS IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

47.

Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

12

48.

The Family and Medical Leave Act entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons, including a serious health condition. 29 U.S.C. § 2612. The FMLA prohibits employers from interfering with, restraining, or denying the exercise or attempted exercise of any FMLA right. 29 U.S.C. § 2615(a)(1).

49.

Defendant is a covered employer under the FMLA, as it employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4).

50.

Plaintiff was an eligible employee under the FMLA, as she had been employed by Defendant for at least twelve (12) months and had worked at least 1,250 hours during the twelve-month period prior to her request for FMLA leave. 29 U.S.C. § 2611(2).

51.

Plaintiff's pregnancy constituted a serious health condition within the meaning of the FMLA. 29 U.S.C. § 2611(11).

52.

On July 22, 2025, Plaintiff exercised her FMLA rights by requesting FMLA paperwork from Regional Human Resource Business Partner Tanya Cunningham in connection with her pregnancy.

53.

Rather than providing Plaintiff with FMLA paperwork or otherwise facilitating the exercise of her FMLA rights, Defendant interfered with Plaintiff's attempted exercise of those rights by terminating her employment on July 25, 2025, just three days after she requested FMLA paperwork.

54.

Defendant's termination of Plaintiff constitutes interference with Plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

55,

As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered economic and non-pecuniary damages, including lost wages, lost benefits, emotional distress, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jessica Washington respectfully prays for judgment against Defendant as follows:

(a) A trial by jury as to all triable issues of fact;

(b) Back pay, front pay, and other compensatory damages for lost wages and benefits from July 25, 2025, through the date of judgment and beyond;

(c) General damages for mental and emotional suffering, anxiety, and mental anguish caused by Defendant's discriminatory and unlawful conduct;

(d) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts in violation of Plaintiff's rights under Title VII and the PWFA;

(e) Liquidated damages equal to the amount of wages, salary, employment benefits, and other compensation lost as a result of Defendant's violation of the FMLA, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

(f) Declaratory relief establishing that Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, the Pregnant Workers Fairness Act, and the Family and Medical Leave Act;

(g) Injunctive relief ordering Plaintiff's reinstatement to her former position, or front pay in lieu thereof, and prohibiting Defendant from engaging in further discriminatory or unlawful conduct;

(h) Reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 2000gg-2(d), and 29 U.S.C. § 2617(a)(3);

(i) Prejudgment and post-judgment interest at the maximum rate allowed by law;

(j) All costs of this action; and

(k) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of June, 2026.

**BARRETT & FARAHANY**

s/ *Constance Cooper*
Constance Cooper

*Counsel for Plaintiff Jessica Washington*

2921 Piedmont Road, NE
Atlanta, Georgia 30305
AL Office: (205) 564-9005

16

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA WASHINGTON, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| S&S MANAGEMENT GROUP, D/B/A SECURITY SOLUTIONS OF AMERICA, | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing **COMPLAINT** with the Clerk of Court using the CM/ECF system, and that a true and correct copy of the foregoing, together with the Summons, was served upon Defendant by the methods permitted under Rule 4 of the Federal Rules of Civil Procedure, addressed to Defendant's agent for service of process as follows:

Neville Knowles
3100 Loma Road, Suite 316
Birmingham, Alabama 35216

This 23rd day of June, 2026.

17

<u>s/ *Constance Cooper*</u>
Constance Cooper

*Counsel for Plaintiff Jessica Washington*

18